UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | |
|---|---|
| UNITED STATES OF AMERICA, : | CASE NO. 1:17-cr-00060 |
| Plaintiff, : | OPINION & ORDER |
| : | [Resolving Doc. 113] |
| vs. : | |
| LEVERT BATES, : | |
| Defendant. : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Levert Bates requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposed Bates's petition.[2]

For the reasons stated below, the Court **DENIES** Bates's motion for compassionate release.

I.   Background

On April 3, 2017, Defendant Bates pleaded guilty to one count of armed bank robbery and/or aiding and abetting the same and one count of carrying or using a firearm during a crime of violence with aiding and abetting the same.[3] On August 22, 2017, this Court sentenced Bates to 135-months imprisonment followed by five years of supervised release.[4]

---

[1] Doc. 113. Bates filed his petition and two supplements pro se. Docs. 116, 117. Counsel filed an additional supplement. Doc. 119.
[2] Doc. 120.
[3] Doc. 25.
[4] Doc. 72. Specifically, the Court sentenced Bates to 51 months on Count 1 and 84 months on Count 2 to be served consecutively.

Case No. 1:17-cr-00060
Gwin, J.

On May 21, 2020 Bates filed the instant motion for compassionate release.[5]

For the following reasons, the Court **DENIES** Bates's motion for compassionate release.

## II. Discussion

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[6]

Bates says that he petitioned the Warden for compassionate release on May 5, 2020, though the copy of the petition he attaches is undated.[7] The Government says that it has no record of receiving any compassionate release requests from Bates.[8]

Bates states that he received a denial of his request for "home confinement/compassionate release" on May 23, 2020.[9] But the submitted exhibit is dated April 23, 2020, prior to the date Bates says he submitted his compassionate release request, and notably only addresses Bates's home confinement, not compassionate release, denial.[10]

Bates has likely not satisfied the exhaustion requirement. However, because the Court declines to grant compassionate release for the reasons stated below, the Court need not decide whether Bates has done so.

### B. Eligibility

---

[5] Doc. 113.
[6] 18 U.S.C. § 3582(c)(1)(A)(i).
[7] Doc. 119-1.
[8] Doc. 120 at 5.
[9] Doc. 119-2.
[10] *Id.*

-2-

Case No. 1:17-cr-00060
Gwin, J.

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[11]  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[12]  Under the compassionate release statute, the Court may "reduce the term of imprisonment and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[13]

Bates argues that his age, 57 years old, and medical conditions put him at higher risk of serious medical consequences, including death, if he contracts COVID-19.[14]  Specifically, he states that he has cerebrovascular disease, chronic kidney disease, heart failure, a history of strokes, epilepsy, hypertension, hypothyroidism, has a pace maker, is prediabetic, and has COPD.[15]  Bates attaches medical records which confirm his diagnoses.[16]

Bates's conditions, in conjunction with the presence of COVID-19 at FMC Lexington, might be extraordinary and compelling reasons that justify the grant of compassionate release.[17]  However, when considering a change in sentence under the

---

[11] 18 U.S.C. § 3582(c)(1)(A).
[12] *Id.*
[13] *Id.*
[14] Doc. 113 at 10.
[15] *Id.*
[16] Doc. 113-1.
[17] Bates's compassionate release motion would implicate the "other reasons" category of the Sentencing Commission's policy statement. USSG § 1B1.13 cmt. n.1.  The "other reasons" category says that a sentence reduction may be appropriate if "an extraordinary and compelling reason other than, or in combination with, the reasons described" in the first three categories exists.  USSG § 1B1.13 cmt. n.1.  However, the policy is outdated in that it still assumes compassionate release "may by granted only upon motion by the Director of the Bureau of Prisons."  *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *5 (S.D. Iowa Apr. 29, 2019) (quoting USSG § 1B1.13 cmt. n.1). Because this is no longer the law with the First Step Act, which allows defendants to seek relief directly from the court, the outdated policy leaves "district courts in a conundrum."  *Id.* (describing that Congress now allows district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission, but the Commission "has

Case No. 1:17-cr-00060
Gwin, J.

compassionate release statute, the Court must also consider the 18 U.S.C. § 3553(a) sentencing factors.[18] Such factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for just punishment.[19]

In this case, the Court finds that the § 3553(a) factors weigh in favor of denying Bates's petition. Bates has a history of serious and violent offenses, including a conviction for murder with a violence specification and the instant conviction for armed bank robbery.[20] Furthermore, Bates has served less than half of his sentence, and the Court finds that releasing Bates at this juncture would not serve the need to reflect the seriousness of the offense or provide just punishment. The Court also considers the need "to protect the public from further crimes of the defendant."[21]

The Court therefore denies Bates's request for release.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Bates's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

IT IS SO ORDERED.

Dated: July 27, 2020
s/ James S. Gwin
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

not made the policy statement for the old regime applicable to the new one"). This Court follows the growing number of district courts that have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in U.S.S.G. § 1B1.13 cmt. n.1(A)–(C) warrant" compassionate release. *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681–82 (N.D. Cal. 2019) (citation omitted) (collecting cases).

[18] 18 U.S.C. § 3582(c)(1)(A).
[19] 18 U.S.C. § 3553(a).
[20] Doc. 64.
[21] 18 U.S.C. § 3553(a).

-4-