UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:17-cr-00060-1 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 158, 159] |
| v. | : | |
| | : | |
| LEVERT A. BATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Levert Bates is currently serving a 135-month sentence for armed bank robbery.[1]  Bates moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[2]  The government opposes Bates' motion.[3]

Because Defendant Bates has not demonstrated extraordinary and compelling reasons for compassionate release, and because the 18 U.S.C. § 3553(a) factors weigh against sentence reduction, the Court **DENIES** Bates' motion.

## I. DISCUSSION

A defendant is eligible for compassionate release if there are "extraordinary and compelling reasons" for a sentence reduction, and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[4]  In turn, the applicable

---

[1] Doc. 72.
[2] The Clerk's Office docketed the same motion twice—once as a compassionate release motion and once as a Sentencing Amendment 821 motion.  Docs. 158, 159.  Because Bates' motion does not raise any Amendment 821 arguments, the Court treats the motion as a compassionate release motion only.
[3] Doc. 162.
[4] 18 U.S.C. § 3582(c)(1)(A)(i).

Case No. 1:17-cr-00060-1
GWIN, J.

policy statement defines the circumstances that constitute "extraordinary and compelling reasons."[5]

If there are extraordinary and compelling reasons supporting compassionate release, a court must then weigh the § 3553(a) factors to determine whether a sentence reduction is appropriate.[6]

### A. Extraordinary and Compelling Reasons

Defendant Bates points to three alleged extraordinary and compelling reasons for compassionate release. None meet the applicable policy statement's definitions.

First, Defendant Bates says that his medical circumstances are extraordinary and compelling.[7] Bates lists several chronic conditions, including heart disease.[8]

However, the fact that a defendant suffers from chronic conditions, by itself, is not an extraordinary and compelling reason for compassionate release. The conditions must be severe enough to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility."[9] Although Bates makes the conclusory statement that his chronic conditions limit his ability to care for himself,[10] Bates has not explained how that is so.

Nor has Bates suggested that the Bureau of Prisons has not been providing necessary medical care during Bates' incarceration.[11] To the contrary, Bates says that he receives medication to manage his chronic conditions.[12]

---

[5] U.S.S.G. § 1B1.13(b).
[6] 18 U.S.C. § 3582(c)(1)(A).
[7] Doc. 158 at 8–9.
[8] *Id.*
[9] U.S.S.G. § 1B1.13(b)(1)(B).
[10] Doc. 158 at 8.
[11] *See* U.S.S.G. § 1B1.13(b)(1)(C).
[12] Doc. 158 at 8.

Case No. 1:17-cr-00060-1
GWIN, J.

Defendant Bates suggests that his chronic conditions are extraordinary and compelling when combined with Covid risk.[13] But Covid risk only supports extraordinary and compelling reasons when there is an "ongoing outbreak" at the defendant's correctional facility, or if there is an "ongoing public health emergency."[14]

There is neither here. Bates gives no indication that there is an outbreak at his facility. The Covid public health emergency ended on May 11, 2023.[15] And to the extent Covid risk remains, vaccines are readily available to mitigate that risk.

Therefore, Bates' medical circumstances do not justify compassionate release.

Second, Bates argues that his age warrants compassionate release.[16] The policy statement takes age into account only when a defendant is 65 years old or older.[17] Bates is 61 years old.[18] So, Bates' age is not an extraordinary and compelling reason.

Finally, Bates claims that he is serving an unusually long sentence.[19] But the policy statement requires a defendant to serve at least 10 years before an unusually long sentence can serve as extraordinary and compelling reasons.[20] Bates has been in custody for fewer than 8 years.[21] As such, Bates is not eligible for compassionate release under this final argument either.

---

[13] Doc. 158 at 8–9.
[14] U.S.S.G. § 1B1.13(b)(1)(D).
[15] *COVID-19 Public Health Emergency*, U.S. Dep't of Health & Hum. Servs., https://www.hhs.gov/coronavirus/covid-19-public-health-emergency/index.html (last visited June 6, 2024).
[16] Doc. 158 at 2.
[17] U.S.S.G. § 1B1.13(b)(2).
[18] Doc. 158 at 2.
[19] *Id.* at 5–6.
[20] U.S.S.G. § 1B1.13(b)(6).
[21] Doc. 158 at 6 n.9; Doc. 64 at PageID #: 368.

Case No. 1:17-cr-00060-1
GWIN, J.

### B. § 3553(a) Factors

The Court also finds that the § 3553(a) factors do not support compassionate release. The Court previously denied one of Bates' compassionate release motions based on § 3553(a) balancing.[22] The Court explained that "Bates has a history of serious and violent offenses, including a conviction for murder with a violence specification and the instant conviction for armed bank robbery."[23] And the Court also held that compassionate release would not reflect the seriousness of Bates' offense and would not provide just punishment.[24]

Although 4 years have passed since the Court's previous denial, and Bates reports that he has been rehabilitated,[25] the § 3553(a) factors have not appreciably changed. Bates' reported rehabilitation is commendable, but that rehabilitation does not outweigh Bates' violent history and the seriousness of Bates' crime.

## II. CONCLUSION

For the foregoing reasons, the Court **DENIES** Bates' compassionate release motion.

IT IS SO ORDERED.

Dated: June 10, 2024              *s/      James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[22] Doc. 122 at 4.
[23] *Id.*
[24] *Id.*
[25] Doc. 158 at 11–13.