UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:17 CR 60 |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| LAVERT A. BATES, | ) | MEMORANDUM OPINION AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, Lavert Bates' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. §2255. (ECF #167). The Government has filed a Motion to Dismiss, arguing that Mr. Bates' petition was not timely filed. (ECF #170). Mr. Bates then filed a Reply seeking equitable tolling of the statutory limitations period.

**FACTUAL AND PROCEDURAL HISTORY**

Mr. Bates pled guilty to the indictment on charges of armed bank robbery, in violation of 18 U.S.C. §2113(a) and (d) (Count 1); and, using, carrying, or brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §924(c)(1)(A)(Count 2). (ECF #25). On August 22, 2017, he was sentenced to a total of 135 months of imprisonment. (ECF #71, 72). He did not appeal the judgment. On July 5, 2024, Mr. Bates filed the instant Motion to Vacate, alleging multiple errors in the indictment and at sentencing. The Government argues that Mr. Bates' § 2255 petition is untimely, and therefore, should be dismissed. Mr. Bates does not contend that his filing was timely, but seeks equitable tolling of the limitations period.

## ANALYSIS

A. <u>Timeliness</u>

Section 2255 petitions are the exclusive means by which a federal prisoner may collaterally attack a sentence that is alleged to violate federal law. *Davis v. United States*, 417 U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that § 2255 petitions be filed within one year of the finalization of the conviction. 28 U.S.C. § 2255(f); see also, *In re Hanserd*, 123 F.3d 922, 924, 932 (6th Cir. 1997). Specifically, the statute provides as follows:

> (f) A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)-(4). Mr. Bates was sentenced on August 22, 2017. The judgment was docketed on the same day. His appeal rights expired making September 5, 2017, fourteen days after the judgment was issued. Because he did not file a direct appeal, this became the date on which his judgment became final for purposes of §2255(f)(1). See, *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Mr. Bates did not file the instant motion until July 5, 2024, five years and ten months after the expiration of the one year statute of limitations in §

2

2255(f)(1). It is, therefore, untimely. Nothing in his petition raises the potential for relief under subsections (2) through (4) of § 2255(f). Therefore, Mr. Bates's petition is time-barred and must be dismissed.

Mr. Bates request for equitable tolling is not well-taken. In order to establish that equitable tolling is appropriate, he would have to show that: (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Although Mr. Bates did submit evidence to support his claim that he suffered a serious medical event during the period of limitations, he did not provide any explanation for why it took more than four additional years before he filed his request. Mr. Bates' limitations period ended on September 5, 2018. The records show that he was admitted to the hospital on August 27, 2018 for seizures, at which time he was diagnosed with a small acute hemorrhage in "the right caudate head." He did not need surgery, and his only symptom following the seizures was slurred speech. (ECF #172-1, PageID 1806). There is no indication that he suffered any cognitive or motor difficulties, or that he experienced confusion, headaches, or other symptoms that would have prevented him from filing his motion after he was released from the hospital. (ECF #172-1, PageID 1807-1809).

Mr. Bates was discharged from the hospital on August 30, 2018, sixteen days before his limitations period ended. His discharge papers indicate that he had normal alertness, cerebellar function, speech, orientation, reflexes, motor skills, sensory acuity, affect, judgement, and insight. (ECF #172-1, PageID 1819-21). His medical records indicate that by September 12, 2018, a mere 7 days after his period of limitations expired, Mr. Bates reported that "all of his symptoms ha[d] resolved," and he had "no difficulty with speech, nor walking or strength."

3

(ECF #172-1, PageID 1811). In addition he had normal functioning with respect to the neurologic, mental health, and musculoskeletal functioning. (ECF #172-1, PageID 1813-15). There is no medical evidence to suggest that Mr. Bates could not have filed his petition in a timely fashion despite a four day hospitalization toward the end of his limitations period. Even if his medical event caused an excusable delay, there is absolutely no evidence that his medical condition interfered with his ability file from the date of discharge forward. There is no justification for an almost six year delay. Therefore, Mr. Bates request for equitable tolling is denied.

B. Procedural Default

Mr. Bates's arguments are also procedurally defaulted. Claims that could have been raised on appeal but were not, are procedurally defaulted from consideration under §2255. *United States v. Frady*, 456 U.S. 152 (1982). Many of the arguments made in Mr. Bates' Motion to Vacate were available but not raised on direct appeal. They are, therefore, procedurally defaulted for purposes of his §2255 motion. To the extent that Mr. Bates' motion could be construed as seeking relief under 28 U.S.C. §3582(c)(2) or subsequent amendments to 28 U.S.C. §924, such requests are not properly raised under 28 U.S.C. §2255.[1]

---

[1] In order to grant relief under §2255, a Court must determine that the conviction or sentence is invalid because it was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. §2255. A reduction in sentence under 28 U.S.C. §3582 (c) does not attack the validity of the original conviction or sentence, but allows a discretionary reduction in sentence based on wholly different criteria. *United States v. Clardy*, 877 F.3d 228, 231 (6th Cir. 2017). In either case, the Court is not authorized to apply any statutory or sentencing guideline amendment that was not made retroactive by Congress. See, *United States v. McCall*, 56 F.4th 1048, 1050 (6th Cir. 2022).

4

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court

must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, (ECF #167) is DISMISSED as untimely. Furthermore, because the record conclusively shows that Petitioner is entitled to no relief under § 2255, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: November 14, 2024